# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY CARTWRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>CARL SPARKS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:94-CV-06044-AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WAIVE FILING FEE<br><br>(DOC. 222) |

    Plaintiff Henry Cartwright ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in a civil rights action. On November 6, 2001, judgment was entered in favor of Defendants and against Plaintiff following a jury trial and verdict. Pending before the Court is Plaintiff's motion for an order to dismiss or waive Plaintiff's filing fee, filed October 21, 2011. Doc. 222.

    Plaintiff moves the Court for an order waiving Plaintiff's requirements to pay the filing fee. Plaintiff contends that he filed this action under a different prisoner identification number. Plaintiff was paroled, then was convicted several years later. Plaintiff received a different prisoner identification number. Plaintiff contends that because he was discharged from parole, any civil actions which he filed under his old prisoner identification number should be waived. Plaintiff further contends that prison officials are collecting ninety percent of any funds deposited into his prison trust account. Plaintiff submits an inmate statement report as evidence in support.

    Plaintiff's first argument fails as a matter of law. Pursuant to the Prison Litigation Reform Act, as codified at 28 U.S.C. § 1915(b)(1), if a prisoner brings a civil action in forma

pauperis, he shall be required to pay the filing fee in full.  Plaintiff does not deny that he filed this action while he was a prisoner, and that he filed it in forma pauperis.  He is thus required to pay the filing fee in full.  There are no exceptions for being paroled.

Plaintiff's next argument also fails.  Plaintiff's inmate statement report indicates that he received a deposit of $30.00 on July 22, 2011.  Half of that amount, $15.00, was deducted immediately upon deposit to pay restitution.  An administrative fee for this restitution, in the amount of $1.50, was also deducted.  These amounts are irrelevant to the deductions to pay the filing fee.

On August 1, 2011, Plaintiff received two deductions of $6.00 each, for his two previously filed civil rights actions.  This was a proper deduction.  Pursuant to 28 U.S.C. § 1915(b)(2), "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  Twenty percent of $30.00 is $6.00, as required by federal statute.  The amount in Plaintiff's account exceeds $10.00, as Plaintiff had a current available balance of $453.48.  Plaintiff's deposits are being properly deducted.

Plaintiff's motion is without merit.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed October 21, 2011, is denied.

IT IS SO ORDERED.

Dated:   February 4, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

2